Reed Lyon (SBN: 288361)
Benesch, Friedlander, Coplan & Aronoff LLP
One Montgomery, Suite 2700
San Francisco, CA 94104
Telephone: (628) 600-2250
Facsimile: (628) 221-5828
rlyon@beneschlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| YUSEN LOGISTICS (AMERICAS), INC., | Case No. 2:19-CV-2767 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING** |
| vs. | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff Yusen Logistics (Americas), Inc. ("Yusen") states for its Complaint against Defendant Philadelphia Indemnity Insurance Company ("Defendant") as follows:

## I.  PARTIES, JURISDICTION, AND VENUE

1. This Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) inasmuch as (a) Yusen is a New York corporation having its principal place of business in Secaucus, New Jersey; (b) Defendant is a Pennsylvania corporation having its principal place of business in Bala Cynwyd, Pennsylvania; and (c) the

matter in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Jurisdiction over this matter is further established pursuant to 28 U.S.C. § 2201, as "[d]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Imperium Ins. Co. v. Unigard Ins. Co.*, 16 F. Supp. 3d 1104, 1109 (E.D. Cal. 2014) (holding that the court had jurisdiction to decide a dispute for declaratory relief over an insurance company's duty to defend).

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.  This Court can enter the declaratory judgments sought herein under the Declaratory Judgment Act, 28 U.S.C. § 2201, as this case presents an actual controversy within the Court's jurisdiction.

4. Yusen is a New York corporation having its principal place of business at 300 Lighting Way, Suite 600, Secaucus, NJ 07094.  Yusen is engaged in the business of providing freight logistics services, which includes operating warehouse facilities.

5. Defendant is a Pennsylvania corporation having its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004.  Defendant is in the business of providing insurance to its customers.

## II.   GENERAL ALLEGATIONS

6. Associate Management Resources, Inc. ("AMR") is a corporation that provides third party companies with temporary, non-employee workers to assist with particular service needs.

7. On or around March 2017, AMR entered into an insurance contract (the "Policy") with Defendant, whereby Defendant agreed to provide AMR with insurance coverage for the period of March 1, 2017 to March 1, 2018. A copy of the Policy is not attached to the Complaint because of its large volume and, in any event, Defendant has a copy of the Policy.

### A. Terms of the Policy

8. The Policy's "Coverage A" and "Coverage B" sections cover a wide variety of risks pertaining to commercial liability including bodily injury, property damage, wrongful advertising, errors in administering employee benefits, and the like. In addition, the Policy contains a "Staffing Service Professional Liability Coverage Form" that also, under certain circumstances, provides coverage for wrongful acts.

9. Under each coverage section, Defendant expressly agreed that it would "**pay those sums** that the insured becomes legally obligated to pay as damages," and that it would "have the right and **duty to defend** the insured against any 'suit' seeking damages" (emphasis added).

10. The term "Insured" is first defined in Section II of the Policy. However, the definition is then amended and broadened in the endorsement titled, "General Liability Deluxe Endorsement: Temporary Staffing" (the "GLDE Endorsement").

11. Specifically, the GLDE Endorsement has a section titled, "Who is an Insured is amended as follows," and it states, in part, the following:

> Each of the following is also an insured:
>
> . . .
>
> b. Blanket Additional Insured's When Required by Contract --
> Any person of organization where **required by a written contract** executed prior to the occurrence of a loss. . . .

(emphasis added).

12. Furthermore, the Policy includes other endorsements that contain nearly identical language to the aforementioned provision, including the "Blanket Additional Insured Endorsement" and an endorsement for the "Staffing Service Professionalism Liability Coverage Form."

### B. The Written Contract Between AMR and Yusen

13. On or around July 3, 2017, AMR and Yusen entered into a Temporary Services Agreement (the "Agreement"), whereby AMR agreed to provide Yusen with temporary service workers with skill sets to assist in the operations of Yusen's warehouse. A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

14. Under the Agreement, AMR expressly agreed to name Yusen as an additional insured on its insurance policy. Specifically, Section 8 of the Agreement states:

> All Required Insurance shall . . . (b) **name Customer as an additional insured** with respect to the Services excluding only the Customer's gross negligence and willful misconduct.

15. In other words, AMR was expressly "**required by a written contract**" to name Yusen as an additional insured on the Policy, thereby satisfying the requirements dictated in the Policy with AMR.

16. Based on the definition of "insured" in the Policy, Yusen is in fact an "insured" party and entitled to defense and indemnity under the Policy.

### C. The Underlying Actions

17. In or around July 2017, pursuant to the Agreement, AMR provided Yusen with temporary service workers to assist operations in Yusen's warehouse.

18. Among these workers included two staffers named Jesus Robles Salcido and Kattie Zuniga ("Mr. Salcido" and "Ms. Zuniga" individually, or the "Workers" collectively).

19. On or around March 28, 2018, Ms. Zuniga filed a lawsuit (the "Zuniga Action") in the Los Angeles County Superior Court naming Yusen, among others, as a defendant.

20. Then, on or around June 18, 2018, Mr. Salcido filed a separate lawsuit (the "Salcido Action") in the Los Angeles County Superior Court naming Yusen, among others, as a defendant.

21. Both lawsuits (together, the "Underlying Actions") relate to the two Workers' employment with AMR and work with Yusen.

22. In the Underlying Actions, the Workers allege a number of similar claims against the named defendants, including employment discrimination and retaliation. The Salcido Action seeks damages for no less than $1,000,000, and the Zuniga Action seeks damages in excess of $25,000.

23. The conduct at issue in the Underlying Actions occurred after Yusen and AMR entered into the Agreement, and the allegations asserted are within the scope of coverage under the Policy.

24. Yusen provided notice of the Underlying Actions to Defendant and demanded that Defendant defend and indemnify Yusen pursuant to the Policy.

### D. Defendant's Refusal to Defend Yusen or Even Investigate the Claim

25. However, Defendant sent a vague reply refusing to defend or indemnify Yusen in the Underlying Actions. For the Salcido Action, Defendant provided an explanation stating that it did not consider Yusen as an "insured" party under the Policy. Specifically Defendant stated:

> Our review of the policy has determined that Yusen **would not be considered an Insured** under the PIIC policy and therefore, PIIC owes no duty to defend or indemnify Yusen for this matter.

(emphasis added).

26. After having obtained a copy of the Policy by subpoena, Yusen replied to this broad denial and pointed out all the specific provisions in the Policy that clearly stipulated that Yusen is, in fact, an "insured" party.

27. Yusen also pointed out Section 8 of the Agreement between AMR and Yusen that expressly required AMR to name Yusen as an additional insured, thereby satisfying the requirements dictated in Defendant's Policy with AMR.

28. However, Defendant provided no further explanation and simply ignored Yusen's questions and demands.

29. Yusen has had to retain counsel and defend itself in the Underlying Actions.

30. Yusen has continued to request and demand that Defendant provide, at the very least, an explanation as to why Yusen would not be considered an "insured" party. However, Defendant has completely ignored Yusen and has failed to provide any further rationale for its refusal to defend and indemnify Yusen.

31. To date, Yusen has incurred, and continues to incur, significant legal expenses in its defense of the Underlying Actions.

# FIRST CLAIM FOR RELIEF
## (Declaratory Judgment)

32. Yusen incorporates herein by reference each and every allegation set forth above.

33. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, this Court has authority to declare the rights, status, and other legal relations of parties whether or not further relief could be claimed.

34. A dispute has arisen between the parties concerning each party's rights and obligations under the Policy.

35. One the one hand, Yusen asserts that: (1) Yusen is an additional insured under the Policy and (2) Defendant owes a duty to defend and indemnify Yusen in the Underlying Actions.

36. On the other hand, Defendant asserts that: (2) Yusen is not an additional insured under the Policy and that, therefore (2) Defendant owes no duty to defend or indemnify Yusen in the Underlying Actions.

37. Yusen's and Defendant's respective positions are in direct conflict and otherwise irreconcilable.

38. Accordingly, a substantial, immediate, and justiciable controversy exists between Yusen and Defendant.

39. A judgment or decree of this Court will terminate the uncertainty or controversy giving rise to this action in which declaratory relief is sought.

40. No other adequate or speedy remedy exists for the resolution of the aforementioned controversy.

41. Pursuant to 28 U.S.C. § 2201(a), Yusen is entitled to judicial construction of the Policy and a declaratory judgment that: (1) Yusen is an additional insured under the Policy and (2) Defendant is obligated to defend and indemnify Yusen in the Underlying Actions.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

42. Yusen incorporates herein by reference each and every allegation set forth above.

43. Defendant has a duty to defend and indemnify all "insured" parties when a claim brought against that party falls within coverage of the Policy.

44. Yusen is an "insured" party under the Policy because Yusen entered into a written contract with AMR requiring that AMR name Yusen as an additional insured, and this contract was executed prior to the Underlying Actions.

45. The Workers brought the Underlying Actions against Yusen, and their allegations fall within the scope of the Policy's coverage.

46. Defendant has refused to defend or indemnify Yusen, thereby breaching the Policy.

47. Yusen has performed all required conditions, covenants, and obligations in accordance with both the Agreement and the Policy.

48. As a direct and proximate cause of Defendant's refusal to defend and indemnify, Yusen has had to defend itself in the Underlying Actions and has incurred, and continues to incur, significant legal expenses.

49. Yusen is entitled to recover from Defendant the amount of attorneys' fees and costs incurred in the Underlying Actions and in connection with the prosecution of this Complaint along with other amounts that accrue subsequent to the filing of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing)

50. Yusen incorporates herein by reference each and every allegation set forth above.

51. The Policy contains an implied covenant of good faith and fair dealing whereby Defendant promises to deal fairly and in good faith with the "insured" parties by not improperly and unreasonably refusing to defend and indemnify or improperly and unreasonably refusing to investigate claims and damages presented to Defendant that are covered under the Policy.

52. Defendant was required under the Policy to defend Yusen in the Underlying Actions.

53. The Policy contains clear and explicit language indicating that Yusen qualifies as an "insured" party.

54. Despite prompt and detailed notification, Defendant refused to defend Yusen on the wrongful basis that Yusen did not qualify as an "insured" party under the Policy.

55. Defendant then ignored all of Yusen's requests for a further explanation.

56. When investigating Yusen's claims, Defendant had a duty to search diligently for and consider evidence that supported coverage.

57. Defendant's actions have been unreasonable under the circumstances in that 1) Defendant did not perform a proper investigation, 2) Defendant did not evaluate the results of the investigation properly, and 3) Defendant had no reasonable basis for the refusal.

58. Defendant's failure to investigate the claims properly was, and continues to be, a substantial factor in causing harm to Yusen.

59. Defendant has ignored evidence supporting the claims.

60. Defendant has failed to acknowledge and reasonably respond to Yusen's communications and has unreasonably delayed the claim process.

61. Defendant has unreasonably denied Yusen's claims, thereby withholding Policy benefits.

62. Defendant did not deal fairly and in good faith with Yusen.

63. As a direct and proximate cause of Defendant's actions, Yusen has had to defend itself in the Underlying Actions and has incurred, and continues to incur, significant legal expenses.

64. Defendant's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by Yusen.

65. Yusen is entitled to recover from Defendant the amount of attorneys' fees and costs incurred in the Underlying Actions and in connection with the prosecution of this Complaint along with other amounts that accrue subsequent to the filing of the Complaint.

66. In addition, Yusen is entitled to recover punitive damages because Defendant's conduct described above was willful and in conscious disregard of Yusen's rights or committed with malice.

WHEREFORE, on its claims for relief, Yusen respectfully prays for the following:

i. For a declaratory judgment that (a) Yusen is an additional insured under the Policy and (b) Defendant is obligated to defend and indemnify Yusen in the Underlying Actions.

ii. For a judgment against Defendant awarding to Yusen the amount of attorneys' fees and costs incurred in the Underlying Actions and in connection with the

prosecution of this Complaint along with other amounts that accrue subsequent to the filing of the Complaint;

iii. For a judgment against Defendant awarding to Yusen punitive damages;

iv. For a judgment against Defendant awarding to Yusen prejudgment interest and post-judgment interest; and

v. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Yusen demands a trial by jury of all issues so triable.

Dated: April 10, 2019

RESPECTFULLY SUBMITTED,

By: */s/ Reed Lyon*
    Reed Lyon (SBN: 288361)

Attorney for Plaintiff